AUGUST TEMPLIN AND EMMA TEMPLIN, HIS WIFE, PLAINTIFFS-APPELLANTS, v. WILLIAM TRAUTMANN AND MARGARET TRAUTMANN, HIS WIFE, DEFEND-ANTS-RESPONDENTS.

Submitted January 16, 1940—Decided April 9, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiffs-appellants, *George H. Richenaker* and *William B. Morley.*

For the defendants-respondents, *Chandless, Weller & Kramer (Ralph W. Chandless).*

PER CURIAM.

The appeal is by plaintiffs from a judgment entered for the defendants in the District Court of the Fifth Judicial District of the county of Bergen pursuant to a jury verdict. The action was for an alleged trespass wherein the defendants are said to have maliciously entered upon plaintiffs' premises, destroyed a concrete wall with appurtenant drain pipes, despoiled the grass and earth, &c. Plaintiffs specify as the determinations of the District Court with which they are dissatisfied in point of law that the court struck so much of the state of demand and of plaintiffs' testimony as dealt with the destruction of the wall and the cost of replacing same. The appeal comes up on a state of case, settled by the trial judge, which recites that when plaintiffs rested the "defendants moved to strike out all the testimony in relation to the alleged destruction of the wall for the reason that the testimony in the plaintiff's case comprised an admission that the wall was constructed by the predecessor in title of the defendants and constituted an encroachment or nuisance on the property of

the defendant and that the testimony of Joseph Spitzer was not proper in proving the construction costs by predecessor in title. The court granted the motion." We find no record of the striking of any part of the state of demand.

The state of case discloses no testimony by Joseph Spitzer, nor does it show the production of him as a witness or otherwise. The witnesses for the plaintiffs, as certified to us, were Mr. and Mrs. Templin and Fred J. Thomson, Jr., a surveyor. The testimony given by one or more of these witnesses discloses that the wall in question was of concrete and was situated on the line between the premises of the plaintiffs and the premises of the defendants and that "to the side of such wall there were located certain drain pipes taking the water from the roof of plaintiffs' house," that this wall to the extent of twenty-one feet from the street line was torn down by the defendants, that plaintiffs repaired the pipe line with one day's labor and at a cost of $6 for materials and that defendants did further damage by riding over the plaintiffs' lawn. We find nothing in the plaintiffs' case which states that the wall was constructed by defendants' predecessor in title or that it constituted a nuisance on the property of the defendant. The struck testimony, in our opinion, was relevant to the issue and should have gone to the jury as part of the case. The court action was objected to by the plaintiffs and exception was duly noted.

The judgment will be reversed, with costs.